IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAKIA WILLIAM GARRUS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 07-0187 |
| | : | |
| **BARRY JOHNSON,** | : | |
| **SUPERINTENDENT,** *et al.* | : | |

## ORDER

**AND NOW**, this 18th day of August, 2009, upon consideration of the Petition for Writ of Habeas Corpus (Document No. 1), the Respondents' Answer to Petition for Writ of Habeas Corpus (Document No. 18), the Report and Recommendation filed by United States Magistrate Judge Elizabeth T. Hey (Document No. 30) and the petitioner's objections to the Report and Recommendation in the form of the Response to Honorable Elizabeth T. Hey's Report and Recommendation (Document No. 33), and after a thorough and independent review of the record, it is **ORDERED** that:

1.  The petitioner's objections are **OVERRULED**;

2.  The Report and Recommendation of Magistrate Judge Hey is **APPROVED** and **ADOPTED**[1];

---

[1] The Magistrate Judge's thorough and well-reasoned report will be approved and adopted with respect to the treatment and analysis of the petitioner's claims. However, we part ways with the Magistrate Judge with respect to her recommendation that a certificate of appealability be issued.

    3.      The Petition for Writ of Habeas Corpus is **DENIED**; and,

    4.      There is no probable cause to issue a certificate of appealability.[2]

                      /s/ Timothy J. Savage
                      TIMOTHY J. SAVAGE, J.

---

[2] In her report, the Magistrate Judge correctly notes that,

> Neither *Shepard* [*v. United States*, 544 U.S. 13 (2005)] nor any other Supreme Court decision has held that, as a matter of a right to a jury trial preserved in the Sixth Amendment, a sentencing court is precluded from relying on police reports associated with a prior conviction to determine that the conviction authorizes imposition of a sentence in excess of the otherwise applicable maximum. In the absence of such holding, I cannot conclude that the state courts' determination was unreasonable or contrary to establish law.

Report and Recommendation (Doc. No. 30) at 38-39. Nevertheless, she recommends that a certificate of appealability be issued.

     A writ of habeas corpus can be granted only if the state court adjudication of the claim satisfies either condition set forth in § 2454(d). *Chadwick v. Janecka*, 312 F.3d 597, 605-06 (3d Cir. 2002). Because the state court adjudicated petitioner's claim on the merits, the federal court cannot set aside that adjudication unless one of the conditions of § 2254(d) is met.

     Garrus does not make any claim that the decision is based on an unreasonable determination of the facts in light of the evidence presented in the state court. Consequently, his only ground for habeas relief would be if the "decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Magistrate Judge concluded, and we agree, that the state court's determination was not unreasonable nor contrary to established law. Therefore, there is no basis for issuing a certificate of appealability.